FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  |JUL 15 2014  ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEONARD A. FEINBERG, INC. d/b/a MISTER NOAH and RAINBOW USA, INC., **Plaintiffs,** v. UNITED FABRICS INTERNATIONAL, INC., **Defendant.** | Civil Action No. CV-14 4317 **COMPLAINT FOR DECLARATORY JUDGMENT** ECF CASE SEYBERT, J BROWN, M.J. |

Plaintiffs, Leonard A. Feinberg, Inc. d/b/a Mister Noah ("Mr. Noah") and Rainbow USA,

Inc. ("Rainbow") (collectively hereinafter "Plaintiffs"), by and through their undersigned

attorneys, for their Complaint against Defendant, United Fabrics International, Inc. (hereinafter

"United" or "Defendant"), allege as follows:

**NATURE OF ACTION**

1.      This is an action for declaratory judgment which arises under the copyright laws

of the United States, 17 U.S.C. § 101, *et seq.*  By this action, Plaintiffs seek a declaration that

they have not infringed upon the claimed copyright rights of United, as set forth herein.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect

to the claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq.* and pursuant to the

Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

1

3.      This Court has diversity jurisdiction over this dispute under 28 U.S.C. §1332 since this dispute exceeds $75,000 and is between citizens of different states.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is an action brought pursuant to the Copyright Act, Defendant conducts business in this judicial district, and a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

5.      Mister Noah is a corporation organized and existing under the laws of the State of Pennsylvania, with an office, showroom and place of business located in the heart of New York's Garment District at 1407 Broadway, New York, New York 10018.

6.      Mister Noah has been registered to do business in the State of New York and has done business in New York's Garment District since at least as early as 1989.

7.      Mister Noah conducts its business in the wholesale apparel industry, selling, marketing and/or promoting clothing to retail establishments that sell to the public.

8.      Upon information and belief, Mister Noah is the wholesale supplier of the products alleged to infringe Defendant's copyright rights as asserted herein.

9.      Rainbow is a corporation organized and existing under the laws of the State of New York with a place of business located 1000 Pennsylvania Avenue, Brooklyn, New York 11207.

10.     Upon information and belief, accused garments purchased from Mister Noah have been sold in Rainbow's New York retail stores.

11.     Upon information and belief, United is a corporation organized and existing under the laws of the State of California within a place of business at 1723 South Central Avenue, Los Angeles, California 90021.

12.     Upon information and belief, United is in the business of importing and selling woven, printed and knitted fabrics originating from Asia to its customers in the United States and in New York.

13.     Upon information and belief, United is doing business in the State of New York and within this district, transacts business within the State of New York and within this district, derives revenue from intrastate and interstate commerce, and United is otherwise within the jurisdiction of this Court.

14.     Upon information and belief, United is registered to do business in New York and is listed as an active foreign business corporation on the website of the New York Department of State, Division of Corporations.

15.     Since Mister Noah, Rainbow and United each regularly transact business in the State of New York and within this judicial district, jurisdiction in the Eastern District of New York is appropriate for adjudication of the claim(s) brought herein.

## FACTUAL BACKGROUND

16.     United is the purported owner of a copyright in design artwork ("United Design") shown as part of the attached Exhibit A.

17.     Upon information and belief, based on a copyright application filed by United, the United Design purportedly has been registered by the United States Copyright Office.

3

18.     Upon information and belief, the United Design has been purportedly registered by the Copyright Office under Registration No. VAu 1-040-300.

19.     Upon information and belief, Registration No. VAu 1-040-300 is titled "PATTERN 8634 – CURVED et al."

20.     Upon information and belief, Registration No. VAu 1-040-300 covers more than a single design.

21.     Upon information and belief, the effective date of Registration No. VAu 1-040-300 is September 10, 2010.

22.     On or about July 7, 2014, Rainbow received a letter dated June 26, 2014 with enclosures from United's counsel, Trevor Barrett of the firm Doniger Burroughs.

23.     In that letter, Mr. Barrett asserts, *inter alia*, that Rainbow is "advertising, marketing and selling garments that infringe [United's] rights" in the United Design and that Rainbow's sales "constitute a violation of 17 U.S.C. § 501 *et seq.*" Mr. Barrett's letter also demands that Rainbow "immediately **cease and desist** from all sales of any garments bearing the subject design." A copy of the letter from Mr. Barrett and the accompanying enclosures, which include a "faithful reproduction" of the United Design and a photograph of the accused garment, are attached hereto as Exhibit A.

24.     A comparison of the United Design and the accused garment demonstrates that the accused garment is not substantially similar to the United Design asserted by United.

25.     Upon information and belief, United learned of the sale of Rainbow's garments through the sale, offer for sale, advertising, marketing and/or promotional activities of Plaintiffs.

4

26.     Upon information and belief, United objects to all sales, offers for sale, advertising, marketing and/or promotional activities by Plaintiffs which relate to accused garments that allegedly incorporate the United Design.

27.     Upon information and belief, United objects to all advertisements, marketing and promotional materials which contain and/or relate to accused garments that allegedly incorporate the United Design.

28.     Upon information and belief, United's explicit demand that Rainbow "immediately cease and desist from all sales of any garments bearing the subject design" also includes an implied demand that Plaintiffs cease and desist from all advertising, marketing and promotional activities that promote the sale of garments incorporating the accused design.

29.     By virtue of the foregoing, Plaintiffs are compelled to seek a declaration from this Court that they do not infringe Defendant's copyright rights and/or that Defendant's asserted rights are invalid and/or unenforceable.

## COUNT I
## DECLARATION OF INVALIDITY, UNENFORCEABILITY AND/OR NON-INFRINGEMENT UNDER THE COPYRIGHT ACT

30.     Plaintiffs repeats and realleges each allegation contained in paragraphs 1 through 29 as if set forth in full herein.

31.     An actual controversy has arisen and now exists between Plaintiffs and United concerning whether Plaintiffs have infringed and are infringing United's copyright rights.

32.     Plaintiffs have advertised, marketed, offered for sale and sold the clothing alleged by Defendant to have infringed its copyright rights.

5

33.     Plaintiffs believe and allege that their clothing products do not infringe upon any valid copyright rights of Defendant.

34.     Plaintiffs allege that Defendant's purported copyright rights are invalid and/or unenforceable.

35.     By virtue of the foregoing, Plaintiffs desire a judicial determination of the parties' rights and duties with respect to the copyright rights asserted by United.

36.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendant as follows:

A.  For judgment declaring that Defendant's copyright rights are invalid, void, unenforceable and/or not infringed by the clothing product(s) sold by Plaintiffs;

B.  Awarding Plaintiffs costs, expenses and reasonable attorneys' fees as permitted by law; and

C.  Awarding Plaintiffs such other and further relief as the as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

STERN & SCHURIN LLP
Attorneys for Plaintiffs
410 E. Jericho Turnpike
Mineola, New York 11501
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

By: _____

Steven Stern (SS 5203)
sstern@sternschurin.com
Richard S. Schurin (RS 0199)
rschurin@sternschurin.com

Dated: July 15, 2014
          Mineola, New York

7

**EXHIBIT A**



Stephen M. Doniger, Esq. *
Scott A. Burroughs, Esq.
Annie Aboulian, Esq.
Trevor W. Barrett, Esq.
Anthony M. Patchett, Esq. *
David R. Shein, Esq. *
Matthew DiNicola, Esq.*
* Eligible to Practice in England
* Of Counsel

*Sender's e-mail: tbarrett@donigerlawfirm.com*

June 26, 2014

*SENT VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED*

*CONFIDENTIAL PURSUANT TO FED. R. EVID. § 408 AND CAL. EVID. CODE § 1152*

RAINBOW SHOPS, INC.
357 EMPIRE BLVD.
BROOKLYN, NY 11225

RAINBOW SHOPS, INC.
ATTN. LEGAL DEPT.
1000 PENNSYLVANIA AVENUE
BROOKLYN, NY 11207

> Re.:   Our Client:   **UNITED FABRICS INTERNATIONAL, INC.**
> **Copyrighted Work Registration Number: VAu 1-040-300**
> **Copyrighted Work Product Design Code: LOCATED**
> **Infringing Garment SKU No. 001-907-7098**
> **Bearing RN 61922**

**DEMAND TO CEASE AND DESIST VIOLATIONS OF COPYRIGHT LAWS - ACTION TO BE TAKEN PURSUANT TO 17 U.S.C. § 501 *et seq.***

To whom it may concern:

This firm represents UNITED FABRICS INTERNATIONAL, INC., ("UFI") for purposes of prosecuting the infringement of its intellectual property rights. Our investigation has recently revealed that your company is advertising, marketing, and/or selling garments that infringe our client's rights in the above-referenced design artwork, which has been registered with the United States Copyright Office ("Subject Design"). Enclosed herein, is a photograph of the offending garment, along with a faithful reproduction of the Subject Design and its copyright registration. Your reproduction and sale of the garment bearing the Subject Design, or a copy thereof, constitutes a violation of our client's intellectual property rights under federal copyright law.

Specifically, your sales of this garment constitute a violation of 17 U.S.C. § 501 *et seq.* ("Copyright Act"). Under the Copyright Act, your company is liable for all profits realized through the sale of infringing

1

goods and all damages incurred by our client as a result of these sales. In the alternative, under 17 U.S.C. §504(c), your company may be liable for statutory damages of up to One Hundred and Fifty Thousand Dollars ($150,000.00). In addition, it will be liable for attorneys' fees, costs and pre-judgment interest.

This correspondence shall serve as our client's formal demand that your company immediately cease and desist from all sales of any garments bearing the Subject Design. We will consider any further sales of the offending garment to be evidence of willful intent which will subject your company to the heightened damages available in cases of willful infringement.

This correspondence shall further serve as our client's demand for an accounting of the following information:

1.    The total quantity of the infringing fabric and/or garments purchased and total quantity of offending garments manufactured by your company at any time up to and including the present, and the identity of each and every converter, printer, wholesaler and manufacturer involved in manufacturing or distributing the offending garments and/or fabric;

2.    The total quantity of the offending garments and/or fabric your company sold at any time up to and including the present, and the identity of each and every wholesaler or retail store that purchased said garments;

3.    An accounting of your total revenues and gross profits relating to the manufacture and/or sale of the offending garments, including a breakdown of the cost of manufacturing said garments and the revenues generated from their sale;

4.    Any documentation regarding any purported authorization to use the Subject Design, including without limitation, any license, assignment or transfer of any kind regarding the use of the infringed design and the name, address and telephone number of any party involved in said representations, including but not limited to, legal representations regarding ownership;

5.    The United States Custom Entry Number(s) for shipment(s) of: any fabric bearing the Subject Design, and/or any shipment of offending garments and/or any shipment of goods used in the production of the those garments; and

6.    The total number of offending garments you have in inventory.

This information must be provided with accompanying documentation, including financial and other business records, supporting the responses given to these questions.

Please note that continued sales after being put on notice of copyright infringement is strong evidence of willful intent and will subject your company to heightened damages.

Within seven (7) days from the receipt of this letter please confirm that you have ceased and desisted from the sale of the infringing garment utilizing our client's designs. At that time we also request that you produce the documentation requested herein. Should you fail or refuse to comply with this letter, UFI will have no choice but to file a complaint against your company seeking immediate injunctive relief, as well as compensatory, statutory and punitive damages, attorneys' fees and costs of suit.

2

Nothing in this letter is meant to or should be construed to waive any rights, claims, or remedies.  Your prompt attention to this letter is strongly advised.  Please do not hesitate to contact the undersigned if you have any questions in regard to the foregoing.

Very truly yours,

DONIGER BURROUGHS, APC

By: _____

Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
Attorneys at Law

{Enclosures- 1. SUBJECT DESIGN IMAGE; 2.OFFENDING GARMENT IMAGE}

*SAB/TWB*

*CC: Client*

3

SUBJECT DESIGN IMAGE



4

## OFFENDING GARMENT IMAGE



5

Simple Certified Mail

https://my.simplecertifiedmail.com/PrintLabel.aspx

Doniger/Burroughs APC
300 Corporate Pointe
Suite 366
CULVER CITY CA 90230-8704

US POSTAGE AND FEES PAID
FIRST CLASS
Jun 30 2014
Mailed from ZIP 90230
1 oz First Class Mail
Letter Rate (No surcharge)
CID: 21694



071900534813

**USPS CERTIFIED MAIL**



9414 8106 9994 5005 5587 64

ATTN LEGAL DEPT
RAINBOW SHOPS INC
1000 PENNSYLVANIA AVE
BROOKLYN NY 11207-8417

FOLD ALONG THIS LINE

